$150.00  



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL WILLIAMS,<br>2528 West Turner Street<br>Philadelphia, Pennsylvania 19121<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PRECIOUS SHIPPING PUBLIC COMPANY LTD.,<br>8/30 North Sathorn Road<br>7th Floor, Cathay House<br>Bangkok, Thailand 10500<br>　　　　and<br>M/V BUSSARA NAREE,<br>c/o Precious Shipping Public Company Ltd.<br>8/30 North Sathorn Road<br>7th Floor, Cathay House<br>Bangkok, Thailand 10500<br>　　　　and<br>AGWAY, INC.<br>Pier 122 South<br>3501 South Columbus Boulevard<br>Philadelphia, Pennsylvania 19148<br><br>　　　　　　　　　　Defendants, | DOCKET NO. 04cv746<br><br>CIVIL ACTION COMPLAINT<br><br><br>JURY TRIAL DEMANDED<br><br>**FILED**<br>FEB 20 2004<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

## COMPLAINT

Plaintiff, Nathaniel Williams, by and through his attorneys, Sheridan & Murray, submits the following Complaint and in support thereof, avers as follows:

### I.   PARTIES

1.   Plaintiff, Nathaniel Williams, is an adult citizen of the Commonwealth of Pennsylvania, residing therein at 2528 West Turner Street, Philadelphia, Pennsylvania 19121.



2. Defendant, Precious Shipping PCL (hereinafter referred to as "Precious Shipping"), is, upon information and belief, a foreign corporation from Bangkok, Thailand, maintaining an address for business therein at 8/30 North Sathorn Road, 7th Floor, Cathay House, Bangkok, Thailand, 10500.

3. Defendant, M/V Bussara Naree (hereinafter referred to as "Bussara Naree"), is, upon information and belief, a foreign vessel owned, controlled, maintained, and/or operated by or on behalf of Defendant, Precious Shipping, which maintains a business address at 8/30 North Sathorn Road, 7th Floor, Cathay House, Bangkok, Thailand, 10500.

4. Defendant, Agway, Inc. (hereinafter referred to as "Agway"), is, upon information and belief, a corporation authorized to conduct business in the Commonwealth of Pennsylvania, maintaining a business address therein at 3501 South Columbus Boulevard, Philadelphia, Pennsylvania 19148. Upon information and belief, Defendant Agway is the private owner of Pier 122 South in Philadelphia, Pennsylvania.

5. At all times material hereto, the Defendants acted and/or failed to act by and through their actual and/or apparent agent(s), servant(s), workmen, employee(s), representative(s), independent contractor(s), and/or ostensible agent(s), who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of the Defendants' interests.

## II.   JURISDICTION AND VENUE

6. This Court has jurisdiction based upon diversity of citizenship of the parties and the requisite amount in controversy is in excess of One Hundred Thousand ($100,000.00) Dollars, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

7.  Venue is appropriate in this Court because the underlying negligence and carelessness of the Defendants in causing the accident, described more fully below, occurred at Pier 122 in Philadelphia, Pennsylvania, which is within this judicial district.

8.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1333 and/or 46 App. U.S.C. § 740 as it involves an admiralty and/or maritime civil action.

9.  This Court has jurisdiction over this case pursuant to 33 U.S.C. § 905(b).

10. This Court has jurisdiction over the Defendant in this matter pursuant to 28 U.S.C. § 1605(a)(2) as this action arises from commercial activity carried on in the United States.

## III.  FACTUAL AVERMENTS

11. At all times material hereto, Plaintiff, Nathaniel Williams, was working within the course and scope of his employment as a longshoreman for Delaware River Stevedores, Inc. (hereinafter referred to as "DRS").

12. On or about February 22, 2002, Plaintiff, Nathaniel Williams, boarded the vessel, Bussara Naree, while berthed at Pier 122 in Philadelphia, Pennsylvania, for purposes of loading and/or unloading cargo onto/from the Bussara Naree during the course and scope of his employment with DRS.

13. On the above date, Plaintiff, Nathaniel Williams, was carefully descending a ladder inside and/or adjacent to the hold of the vessel, Bussara Naree, when he was, suddenly and without warning, caused to fall approximately ten to twenty feet and land on a metal landing due to the unsafe, improperly maintained, and/or dangerous condition of the ladder located upon and affixed to the Bussara Naree.

14. At all times relevant and material hereto, Plaintiff, Nathaniel Williams, was lawfully and properly upon the premises of Pier 122 and the vessel, Bussara Naree.

15. At all times relevant and material hereto, Plaintiff, Nathaniel Williams, was lawfully and properly exercising due care for his own safety.

16. At all times relevant and material hereto, the Defendants had a duty to keep and maintain the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, in a reasonable and safe condition and a further duty to ensure that individuals located within and/or working upon the vessel were not injured as a result of the negligence, carelessness, and/or recklessness, of the Defendants.

17. At all times relevant and material hereto, the Defendants had a duty to maintain the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, in a careful and non-negligent manner so as to prevent injuries to individuals located within and/or working upon the premises due to dangerous conditions.

18. At all times relevant and material hereto, the Defendants had a duty to warn individuals lawfully located within and/or working upon the vessel, Bussara Naree, including Plaintiff, of dangerous conditions inside and/or upon the vessel.

19. At all times relevant and material hereto, the Defendants had a duty to conduct a reasonable inspection of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, to ensure that they were safe and did not present dangers to the individuals located within and/or working upon the vessel, including Plaintiff.

20. The aforementioned dangerous condition of the ladder upon the vessel presented a reasonably foreseeable risk that persons in Plaintiff's position would suffer injuries, such as those suffered by the Plaintiff herein.

21. At all times relevant and material hereto, the Defendants had a duty to make the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, reasonably safe for the stevedore, including Plaintiff.

22. At all times relevant and material hereto, the Defendants had a duty to warn longshoremen, including Plaintiff, of hazards on the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon.

23. At all times relevant and material hereto, the Defendants had a duty to take reasonable precautions to ensure that the vessel, Bussara Naree, and the equipment, gear, tools, work space, and/or ladders located thereupon, were in a reasonably safe condition.

24. At all times relevant and material hereto, the Defendants owed a turnover duty to longshoremen and/or stevadores, including the Plaintiff, to conduct an inspection of the vessel for hazards located thereupon and take all necessary and reasonable actions to remove, remedy, correct, and/or warn about the same.

25. At all times relevant and material hereto, the Defendants had duty to intervene in the cargo operations to protect longshoremen and/or stevadores, including Plaintiff, from hazardous conditions located upon the vessel, Bussara Naree.

26. At all times relevant and material hereto, the Defendants had an active operations duty to protect longshoremen and/or stevadores, including Plaintiff, from hazardous conditions located upon the vessel, Bussara Naree.

27. At all times relevant and material hereto, the Defendants had a duty to warn of latent hazards located upon the vessel, including the dangerous condition of the ladder of the Bussara Naree, that are known or should have been known in the exercise of reasonable care.

28. At all times relevant and material hereto, the Defendants had a duty to provide longshoremen and/or stevadores, including Plaintiff, with a reasonably safe place to work and to take safeguards necessary to avoid injuries to longshoremen and/or stevadores.

29. The above-referenced accident was directly, proximately, and solely caused by the negligence, carelessness, and/or recklessness of the Defendants, as set forth more fully hereinafter.

30. As a result of the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff, Nathaniel Williams, has sustained the following serious and permanent injuries: a herniation at L5-S1 of the lumbar spine with narrowing into the paraspinal neural foramina; bulging discs at L3-4 and L4-5 of the lumbar spine; left L4-5 radiculopathy confirmed by EMG; closed head injury; left-side rib fracture; cerebral concussion; left upper and lower extremity radiculopathy; acute lumbosacral strain and sprain with spasm; acute cervical strain and sprain with spasm; acute thoracic strain and sprain with spasm; post-traumatic cephalgia; headaches; dizziness; vertigo; numbness; hematuria; anxiety and stress reaction; pain in the back, neck, extremities, legs, and body; multiple bruises, contusions, and abrasions, mental anguish, embarrassment, distress, and humiliation.

31. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff, Nathaniel Williams, has suffered and will continue to suffer great physical pain, discomfort, trauma, humiliation, anxiety, and/or mental anguish, and will continue to endure the same for an indefinite period of time in the future, to his great physical, emotional, and financial detriment, and will require continued medical care, monitoring, and treatment.

32. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff, Nathaniel Williams, is subject to an increased risk that he will develop future complications and injuries, which will likely require future and continued medical treatment.

33. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff, Nathaniel Williams, has been compelled, in order to attempt to effect a cure of the aforementioned injuries, to expend large and various sums of money for medicine and medical attention and will be required to expend large sums of money for the same purposes in the future.

34. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff, Nathaniel Williams, has been prevented and will be prevented, perhaps permanently, from engaging in his usual activities, occupation, avocations, and life style, all to his great personal and financial loss and detriment.

35. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff, Nathaniel Williams, has suffered and will continue to suffer an impairment of his earning capacity and power.

36. All Defendants are jointly and severally liable to the Plaintiff.

## COUNT I - NEGLIGENCE
## NATHANIEL WILLIAMS V. ALL DEFENDANTS

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 as though more fully set forth herein.

38. Plaintiff was severely and permanently injured as a direct and proximate result of the negligent, careless, grossly negligent, and/or reckless acts or omissions of the Defendants,

directly and/or by and through their agents, servants, workmen, representatives, and/or employees, which consisted of the following:

(a) Failing to maintain the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, in a safe and proper manner;

(b) Maintaining the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, in a hazardous and unsafe condition;

(c) Failing to warn Plaintiff as to the existence of the dangerous condition presented by the ladder;

(d) Disregarding the rights and safety of the Plaintiff;

(e) Failing to use reasonable care in the supervision and care of persons lawfully upon the vessel, Bussara Naree, during the loading and/or unloading of cargo;

(f) Failing to properly train Defendants' personnel, employees, representatives, and/or agents with regard to vessel safety procedures and guidelines;

(g) Failing to adopt proper and adequate guidelines, policies, and/or procedures relating to safety;

(h) Failing to enforce proper and adequate guidelines, policies, and/or procedures relating to safety;

(i) Failing to properly train and instruct Defendants' personnel, employees, representatives, and/or agents with respect to the inspection of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon,

(j)  Failing to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(k)  Failing to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(l)  Failing to properly train and instruct Defendants' personnel, employees, representatives, and/or agents with respect to the proper handling, care, and maintenance of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(m)  Failing to adopt proper and adequate guidelines, policies, and/or procedures relating to the proper handling, care, and maintenance of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(n)  Failing to enforce proper and adequate guidelines, policies, and/or procedures relating to the proper handling, care, and maintenance of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(o)  Failing to ensure that the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree, were in a reasonably safe and working condition;

(p)  Failing to ensure that the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree, were in such a condition so as to prevent injuries to persons lawfully and properly using the same and/or upon the vessel;

(q) Failing to take reasonable precautions and/or to ensure that the ladder Plaintiff was descending at the time of the accident was in a safe and working condition and/or otherwise fit for its intended use;

(r) Failing to take reasonable precautions and/or to ensure that the ladder Plaintiff was descending at the time of the accident was properly maintained, cared for, and/or handled;

(s) Failing to take reasonable precautions and/or to ensure that the ladder Plaintiff was descending at the time of the accident was equipped with adequate and appropriate safety devices and equipment;

(t) Failing to provide Plaintiff with a safe means of loading and/or unloading cargo from the vessel, Bussara Naree;

(u) Failing to properly provide assistance and/or to supervise Plaintiff;

(v) Failing to adequately and properly supervise and control Defendants' personnel, employees, representatives, and/or agents;

(w) Failing to exercise reasonable care so as not to cause Plaintiff to be injured while lawfully upon the vessel, Bussara Naree;

(x) Allowing or permitting the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, to remain in a hazardous and unsafe condition;

(y) Failing to comply will all applicable laws, statutes, ordinances, codes, regulations, and/or instructions pertaining to the proper handling, care, and maintenance of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon;

(z) Failing to comply will all applicable laws, statutes, ordinances, codes, regulations, and/or instructions pertaining to the proper handling, care, and maintenance of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon,

(aa) Failing to correct, repair, remove, and/or remedy the aforesaid dangerous condition which Defendant knew or should have known existed;

(bb) Failing to make a reasonable inspection of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, which would have revealed the existence of the aforesaid dangerous condition;

(cc) Failing to provide adequate safeguards to prevent the aforesaid accident and Plaintiff's injuries;

(dd) Failing to comply with all applicable safety standards, laws, rules, regulations, and codes;

(ee) Failing to hire competent agents, servants, employees, workmen, ostensible agents, seamen, and/or representatives to perform inspections of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon;

(ff) Failing to properly and adequately train its employees, agents, seamen, and/or servants to comply with applicable safety standards, laws, rules, regulations, and codes;

(gg) Failing to warn stevedores, including Plaintiff, of latent hazards located upon the vessel, including the dangerous condition of the ladder of the Bussara Naree;

(hh) Failing to provide stevedores, including Plaintiff, with a reasonably safe place to work and take safeguards necessary to avoid injuries to stevedores;

(ii) Failing to take reasonable precautions to ensure that the vessel, Bussara Naree, and its the equipment, gear, tools, work space, and/or ladders located thereupon, were in a reasonably safe condition;

(jj) Failing to adequately and appropriately perform all turnover duties owed to stevedores, including Plaintiff, by failing to conduct an inspection of the vessel for hazards located thereupon and take all necessary and reasonable actions to remove, remedy, correct, and/or warn about the same;

(kk) Failing to intervene in the cargo operations to protect stevedores, including Plaintiff, from hazardous conditions located upon the vessel, Bussara Naree;

(ll) Failing to adequately and appropriately perform all active operations duties to protect stevedores, including Plaintiff, from hazardous conditions located upon the vessel, Bussara Naree;

(mm) Failing to keep and maintain the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, in a reasonable and safe condition to ensure that individuals located and/or working upon the vessel were not injured as a result of the negligence, carelessness, and/or recklessness, of the Defendants; and

(nn) Negligently permitting the vessel, Bussara Naree, to berth, moor, and/or port at Pier 122.

39. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff, Nathaniel Williams, has suffered the severe and

permanent injuries set forth more fully in the above paragraphs and incorporated herein by reference.

WHEREFORE, Plaintiff, Nathaniel Williams, demands judgment against Defendants, Precious Shipping Public Company Ltd., M/V Bussara Naree, and Agway, Inc., jointly and severally, for compensatory damages in amount in excess of One Hundred Thousand ($100,000.00) Dollars which will reasonably compensate him for his injuries, together with interest, costs of suit, delay damages, and any other relief deemed equitable and just by this Honorable Court.

## COUNT II – 33 U.S.C. § 950(b)
## NATHANIEL WILLIAMS V. ALL DEFENDANTS

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 as though more fully set forth herein.

41. Plaintiff asserts this claim against all Defendants pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b).

42. Plaintiff was severely and permanently injured as a direct and proximate result of the negligent, careless, grossly negligent, and/or reckless acts or omissions of the Defendants, directly and/or by and through their agents, servants, workmen, representatives, and/or employees, which consisted of the following:

  (a) Failing to maintain the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, in a safe and proper manner;

  (b) Maintaining the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, in a hazardous and unsafe condition;

(c) Failing to warn Plaintiff as to the existence of the dangerous condition presented by the ladder;

(d) Disregarding the rights and safety of the Plaintiff;

(e) Failing to use reasonable care in the supervision and care of persons lawfully upon the vessel, Bussara Naree, during the loading and/or unloading of cargo;

(f) Failing to properly train Defendants' personnel, employees, representatives, and/or agents with regard to vessel safety procedures and guidelines;

(g) Failing to adopt proper and adequate guidelines, policies, and/or procedures relating to safety;

(h) Failing to enforce proper and adequate guidelines, policies, and/or procedures relating to safety;

(i) Failing to properly train and instruct Defendants' personnel, employees, representatives, and/or agents with respect to the inspection of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon,

(j) Failing to adopt proper and adequate guidelines, policies, and/or procedures relating to the inspection of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(k) Failing to enforce proper and adequate guidelines, policies, and/or procedures relating to the inspection of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(l) Failing to properly train and instruct Defendants' personnel, employees, representatives, and/or agents with respect to the proper handling, care, and

maintenance of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(m) Failing to adopt proper and adequate guidelines, policies, and/or procedures relating to the proper handling, care, and maintenance of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(n) Failing to enforce proper and adequate guidelines, policies, and/or procedures relating to the proper handling, care, and maintenance of the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree;

(o) Failing to ensure that the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree, were in a reasonably safe and working condition;

(p) Failing to ensure that the equipment, machinery, tools, gear, and/or ladders upon the vessel, Bussara Naree, were in such a condition so as to prevent injuries to persons lawfully and properly using the same and/or upon the vessel;

(q) Failing to take reasonable precautions and/or to ensure that the ladder Plaintiff was descending at the time of the accident was in a safe and working condition and/or otherwise fit for its intended use;

(r) Failing to take reasonable precautions and/or to ensure that the ladder Plaintiff was descending at the time of the accident was properly maintained, cared for, and/or handled;

(s) Failing to take reasonable precautions and/or to ensure that the ladder Plaintiff was descending at the time of the accident was equipped with adequate and appropriate safety devices and equipment;

(t) Failing to provide Plaintiff with a safe means of loading and/or unloading cargo from the vessel, Bussara Naree;

(u) Failing to properly provide assistance and/or to supervise Plaintiff;

(v) Failing to adequately and properly supervise and control Defendants' personnel, employees, representatives, and/or agents;

(w) Failing to exercise reasonable care so as not to cause Plaintiff to be injured while lawfully upon the vessel, Bussara Naree;

(x) Allowing or permitting the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, to remain in a hazardous and unsafe condition;

(y) Failing to comply will all applicable laws, statutes, ordinances, codes, regulations, and/or instructions pertaining to the proper handling, care, and maintenance of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon;

(z) Failing to comply will all applicable laws, statutes, ordinances, codes, regulations, and/or instructions pertaining to the proper handling, care, and maintenance of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon,

(aa) Failing to correct, repair, remove, and/or remedy the aforesaid dangerous condition which Defendant knew or should have known existed;

(bb) Failing to make a reasonable inspection of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, which would have revealed the existence of the aforesaid dangerous condition;

(cc)  Failing to provide adequate safeguards to prevent the aforesaid accident and Plaintiff's injuries;

(dd)  Failing to comply with all applicable safety standards, laws, rules, regulations, and codes;

(ee)  Failing to hire competent agents, servants, employees, workmen, ostensible agents, seamen, and/or representatives to perform inspections of the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon;

(ff)  Failing to properly and adequately train its employees, agents, seamen, and/or servants to comply with applicable safety standards, laws, rules, regulations, and codes;

(gg)  Failing to warn stevedores, including Plaintiff, of latent hazards located upon the vessel, including the dangerous condition of the ladder of the Bussara Naree;

(hh)  Failing to provide stevedores, including Plaintiff, with a reasonably safe place to work and take safeguards necessary to avoid injuries to stevedores;

(ii)  Failing to take reasonable precautions to ensure that the vessel, Bussara Naree, and its the equipment, gear, tools, work space, and/or ladders located thereupon, were in a reasonably safe condition;

(jj)  Failing to adequately and appropriately perform all turnover duties owed to stevedores, including Plaintiff, by failing to conduct an inspection of the vessel for hazards located thereupon and take all necessary and reasonable actions to remove, remedy, correct, and/or warn about the same;

(kk) Failing to intervene in the cargo operations to protect stevedores, including Plaintiff, from hazardous conditions located upon the vessel, Bussara Naree;

(ll) Failing to adequately and appropriately perform all active operations duties to protect stevedores, including Plaintiff, from hazardous conditions located upon the vessel, Bussara Naree;

(mm) Failing to keep and maintain the vessel, Bussara Naree, including its components parts, equipment, and ladders located thereupon, in a reasonable and safe condition to ensure that individuals located and/or working upon the vessel were not injured as a result of the negligence, carelessness, and/or recklessness, of the Defendants; and

(nn) Negligently permitting the vessel, Bussara Naree, to berth and/or port at Pier 122.

43. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants, Plaintiff, Nathaniel Williams, has suffered the severe and permanent injuries set forth more fully in the above paragraphs and incorporated herein by reference.

WHEREFORE, Plaintiff, Nathaniel Williams, demands judgment against Defendants, Precious Shipping Public Company Ltd., M/V Bussara Naree, and Agway, Inc., jointly and severally, for compensatory damages in amount in excess of One Hundred Thousand ($100,000.00) Dollars which will reasonably compensate him for his injuries, together with interest, costs of suit, delay damages, and any other relief deemed equitable and just by this Honorable Court.

## COUNT III – VICARIOUS LIABILITY
## NATHANIEL WILLIAMS v. ALL DEFENDANTS

44. Plaintiff hereby incorporates by reference paragraphs 1 through 43 of this Complaint as though the same were set forth fully at length herein.

45. At all times material hereto, the Defendants acted and/or failed to act by and through their respective employees, agents, servants, workmen, ostensible agents, and/or representatives.

46. Defendants are vicariously liable for the negligent, careless, grossly negligent, and/or reckless acts or omissions of their actual and/or apparent agent(s), servant(s), workmen, employee(s), ostensible agent(s), and/or representative(s), who were acting within the course and scope of their actual and/or apparent ownership, employment, agency, and/or representation of Defendants at the time Plaintiff was severely and permanently injured.

47. Plaintiff has been severely and permanently injured, as set forth more fully in the above paragraphs, as a direct and proximate result of the negligent, careless, grossly negligent, and/or reckless acts or omissions of Defendants' agent(s), servant(s), workmen, employee(s), ostensible agent(s), and/or representative(s), who were, at all times material hereto, acting within the course and scope of their actual and/or apparent employment, agency, and/or representation and in furtherance of Defendants' business interests.

48. Defendants are vicariously liable to the Plaintiff for the severe and permanent injuries, set forth more fully in the above paragraphs, directly and proximately caused by the negligent, careless, grossly negligent, and/or reckless acts or omissions of Defendants' agent(s), servant(s), workmen, employee(s), ostensible agent(s), and/or representative(s).

WHEREFORE, Plaintiff, Nathaniel Williams, demands judgment against Defendants, Precious Shipping Public Company Ltd., M/V Bussara Naree, and Agway, Inc., jointly and

severally, for compensatory damages in amount in excess of One Hundred Thousand ($100,000.00) Dollars which will reasonably compensate him for his injuries, together with interest, costs of suit, delay damages, and any other relief deemed equitable and just by this Honorable Court.

SHERIDAN & MURRAY

DATE: 2/20/04    BY: /s/ Sean T. Quinn
THOMAS W. SHERIDAN, ESQUIRE
SEAN E. QUINN, ESQUIRE

3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiff